```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                         ALEXANDRIA DIVISION
JEAN GRAY AND ROBERT GRAY       CIVIL ACTION 09-1523

VERSUS                          U.S. DISTRICT JUDGE DEE DRELL
WAL-MART STORES, INC.
                                U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. 10**, referred to me by the district judge for report and recommendation.

Plaintiffs sue for damages as a result of a trip and fall accident in Pineville. Suit was filed against Wal-Mart Stores, Inc. in state court in Rapides Parish and removed by the defendant to this court based on diversity jurisdiction, asserting its correct mane to be Wal-Mart Louisiana, LLC. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, and attached medical reports supporting the amount in dispute.

Plaintiffs move to remand asserting that suit was filed on July 21, 2009 and that service of process was made on July 28, 2009. They argue that the defendant's notice of removal was not filed until 35 days later, on September 1, 2009.

1

Defendants argue that service was not made on July 28th because plaintiffs' attorneys had requested service on the incorrect agent for Wal-Mart. Service on Wal-Mart's actual agent for service of process was made on August 14th and the removal notice was filed on September 1st, well within the 30 day period of time in which it was required to be filed.

The facts support defendant's claims. Suit was filed on July 21, 2009 and service of process was attempted on Wal-Mart on July 28, 2009 when the complaint was served on Corporation Service Company at 320 Somerulos St. in Baton Rouge. Apparently realizing his mistake[1], plaintiff's attorney then, on August 3, 2009, requested service of process on the correct agent for Wal-Mart, CT Corporation Systems at 5615 Corporate Blvd. St. 400b in Baton Rouge. That service on the correct agent was made on August 14, 2009, making removal timely.

Plaintiff argues, however, that service should be deemed to have occurred on the earlier date because the names Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. are so similar. Plaintiffs' counsel misunderstands Wal-Mart's argument. Wal-Mart has not raised the issue of service on the wrong Wal-Mart entity;

---

[1] The affidavit of Wal-Mart's attorney's secretary, Allison Broussard, states that it is the policy of Corporation Service Company to notify the plaintiff's attorney when it receives "service" for an entity for whom it is not the agent for service. While the court does not doubt the accuracy of Ms. Broussard's suggestion and it is obvious that plaintiff's attorney somehow became awarethat service was improper, the Broussard affidavit is, at best, made on personal knowledge of hearsay and thus is itself hearsay and therefore cannot be considered by the court.

rather it raises the issue of service on the wrong <u>agent</u>. Indeed, Wal-Mart Louisiana, LLC, the correct corporate entity, answered the suit even though Wal-Mart Stores Inc. was the entity both named and served by plaintiff's attorneys. The "service" on Corporate Service Company and the later actual legal service on CT Corporate Systems were both service on "Wal-Mart Stores, Inc." Wal-Mart has not challenged that but argues only that the entity plaintiffs were attempting to serve, Wal-Mart Stores, Inc., was not served until its correct agent (CT Corporate Systems) was served on August 14, 2009.

Both plaintiffs' and defendant's motions for attorney fees should be denied.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #10, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final

3

ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of November, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE