UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JEAN GRAY, ET AL | * | CIVIL ACTION NUMBER: 1:09CV1523 |
| VERSUS | * | JUDGE DRELL |
| WAL-MART LOUISIANA, LLC | * | MAGISTRATE JUDGE KIRK |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT, WAL-MART LOUISIANA, LLC

Submitted by:

**Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards**

DAVID J. CALOGERO, #1748
PHILIP A. FONTENOT, #16918
Post Office Box 2908
Lafayette, Louisiana 70502-2908
Telephone: (337) 237-1660
Fascimile: (337) 237-3676

**Attorneys for Wal-Mart Louisiana, LLC**

# TABLE OF CONTENTS

                                                                                          Page

TABLE OF CASES .................................................................................................ii

MEMORANDUM IN SUPPORT OF MOTION
  FOR SUMMARY JUDGMENT ............................................................................1

I.   Factual Background .......................................................................................1

II.  Law and Argument .........................................................................................5

     A. Summary Judgment Standard ..................................................................5
     B. LSA-R.S. 9:2800.6 ....................................................................................6
     C. There is No Genuine Issue of Material Fact That
        No Element of R.S. I9:2800.6 Can Be Shown .........................................7

III. Conclusion ....................................................................................................13

EXHIBITS

     A.   Deposition of Jean Gray (1/22/10) .....................................................15

     B.   Deposition of Wesley Aguillard (1/22/10) ...........................................24

## TABLE OF CASES

Page

*Alexander v. Wal-Mart Stores, Inc.*,
 No. 96-1598 (La. App. 3d Cir. 2/4/98), 707 So. 2d 1292 ...............................10

*Allen v. Wal-Mart Stores, Inc.*,
 No. 37,352 (La. App. 2nd Cir. 6/25/03); 850 So.2d 895 ...............................12

*Burge v. Parish of St. Tammany*,
 187 F.3d 452 (5th Cir. 1999) ..................................................................6

*Colgin v. Wal-Mart Stores, Inc.*,
 No. 98-835 (La. App. 5th Cir. 1/13/99); 726 So.2d 454 ...............................12

*Darbonne v. Hobby Lobby Stores, Inc.*,
 2010 WL 2025337 (W.D. La.) ................................................................11

*Indian Harbor Insurance Co. v. Valley Forge Insurance Group*,
 535 F.3d 359 (5th Cir. 2008) ..................................................................6

*Kane v. National Union Fire Insurance Co.*,
 535 F.3d 380 (5th Cir. 2008) ..................................................................5

*Kennedy v. Wal-Mart Stores, Inc.*,
 No. 98-1939 (La. 4/13/99), 733 So. 2d 1188 ..............................................9

*Leger v. Wal-Mart*,
 343 Fed. Appx. 953, 2009 WL 2900250 (C.A. 5 (La.)) ...............................10

*Little v. Liquid Air Corp.*,
 37 F.3d 1069 (5th Cir. 1994) ..................................................................6

*Oster v. Winn-Dixie Louisiana, Inc.*,
 04-0117 (La. App. 5th Cir. 8/31/04), 881 So. 2d 1257 ...............................10

*Roberts v. Hartford Fire Insurance Co.*,
 No. 2005-1178 (La. App. 3rd Cir. 4/5/06); 926 So.2d 121 ..........................12

*Walthall v. E-Z Serve Convenience Stores, Inc.*,
 988 F.Supp. 996 (E.D. La. 1997) affirmed, 146 F.3d 868 ..........................9

*White v. Wal-Mart Stores, Inc.*,
 No. 97-0393 (La. 9/9/97), 699 So.2d 1081 ...................................... 7, 8,
                                                                9, 10, 11, 12, 13

## Authorities

Louisiana Revised Statute 9:2800.6 ...............................................1, 6,
                                                                  7, 8, 9, 10, 13

Louisiana Revised Statute 9:2800.6(C)(1) .........................................7

La. Rev. Stat. Ann. § 9:2800.6 ..................................................12

F.R.C.P. Rule 56 .................................................................7

F.R.C.P. Rule 56(c) ..............................................................5

# MEMORANDUM IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

The defendant, Wal-Mart Louisiana, LLC (hereinafter "Wal-Mart"), has filed a Motion for Summary Judgment seeking to have the Petition for Damages filed by the plaintiffs, Jean Gray and Robert Gray, dismissed in its entirety. The Motion for Summary Judgment should be granted because plaintiffs cannot carry their burden of proof under Louisiana Revised Statute 9:2800.6. Plaintiffs cannot prove that the condition which allegedly contributed to the accident was present for any period of time necessary to constitute constructive notice.

## I. Factual Background

On September 1, 2008, the plaintiff, Jean Gray, alleges that she was a patron at the Wal-Mart store located at 3636 Monroe Highway, Pineville, Louisiana. Plaintiff was present at Wal-Mart for the purpose of purchasing household items and/or groceries. While shopping, plaintiff claims that she slipped and fell in water, causing severe injury (*See:* Petition for Damages, ¶ 3). Plaintiff further alleges that a roof leak caused the presence of the puddle at the location of her fall (*See:* Petition for Damages, ¶ 4).

In her deposition taken on January 22, 2010, Jean Gray testified more particularly regarding the occurrence at issue (Exhibit A, depo. of Jean Gray, 1/22/10). On the date of incident, plaintiff was present in the store for nearly an hour and prior to the incident was walking toward the back of the store on the main action alley (Exhibit A, p. 31). Plaintiff was pushing her buggy and suddenly slipped in some water, falling to her right knee (Exhibit A, pp. 32-33). Once plaintiff rose to her feet, she observed the area and saw a clear substance which she believed was water coming from a roof leak

(Exhibit A, p. 34). Plaintiff had previously observed roof leaks at the Wal-Mart store which were marked with buckets and wet floor warning cones, but plaintiff did not see any buckets or cones at the location of this incident.

"Q. How do you know it was water?

A. It was clear and it was raining and I've seen the roofs leak before.

Q. You mean the roofs at Wal-Mart?

A. Yes. They usually mark them.

Q. How do they usually mark them?

A. Buckets. The yellow little wet floor markers.

Q. The little cones?

A. Yes.

Q. So, you didn't see any buckets or any cones in this area?

A. No, ma'am.

Q. Did you see any tape on the floor?

A. No."

(Exhibit A, pp. 34-35). Plaintiff did not observe any footprints or buggy tracks through the puddle; the only mark that she observed was the skid mark that she left at the scene.

"Q. Did you see any footprints in the puddle?

A. No, ma'am.

Q. Did you see any cart marks in the puddle?

A. No.

Q. The only mark you really saw was your skid?

A. Mine."

(Exhibit A, p. 36). Although it was raining and plaintiff assumed the water was from a roof leak, plaintiff acknowledged that the water could have originated from a spill.

> "A. All I know is it was raining and it looked like a leak. It could have been spilled. I don't know.
>
> Q. So, you're not sure if it came from the ceiling or if it came from the water being poured out?
>
> A. Wherever.
>
> Q. You have no idea where that spill - -
>
> A. No.
>
> Q. - - came from?
>
> A. No."

(Exhibit A, p. 37). Plaintiff could not tell how long the spill was on the floor or if any Wal-Mart employees had knowledge of the spill.

> "Q. Do you know how long it had been on the floor?
>
> A. No.
>
> Q. Do you know if any Wal-Mart employee knew that it was on the floor?
>
> A. No."

(Exhibit A, p. 37).

Wes Aguillard was the Wal-Mart co-manager who responded to this incident. Aguillard was deposed on January 22, 2010 regarding his investigation. Aguillard assumed that the water originated from a roof leak because other leaks were previously discovered and it was storming really bad at the time (Exhibit B, depo. of Wes Aguillard,

-3-

1/22/10, p. 39).[1] Prior to this incident, Wal-Mart had no knowledge of any leak or spill at the location of the plaintiff's fall (Exhibit B, p. 41). If a roof leak were discovered, red tape was placed on the floor to indicate the location of the suspected leak. When it would start raining, buckets and floor signs would be placed at that location.

> "Q. Okay. If there is a leak in the roof, for instance, the leak in the produce section about which you were aware, did Wal-Mart have a procedure for addressing those leaks?
>
> A. Yeah. What we would do is we would mark it as a known leak, and then whenever it would start raining, we would immediately get buckets and wet floor signs to that location.
>
> Q. When you say you would mark it as a known leak, what does that mean exactly?
>
> A. We would put a little red piece of tape on the floor to indicate where we suspected the leak was."

(Exhibit B, p. 47). Prior to the subject incident, there was no red tape placed on the floor at the location of the plaintiff's fall and Wal-Mart had no knowledge of the length of time that the water was on the floor prior to the incident.

> "Q. Let's see, whenever you reported to the accident scene where Mrs. Gray was, was there any red X's on the floor?
>
> A. That I'm aware of, no.
>
> Q. Do you know how the water - - you said you assumed that because there was water on the floor and it was raining outside, you assumed it was rainwater from the leak, correct?
>
> A. Correct.
>
> Q. Do you know how the water got on the floor?
>
> A. Do I know, no, I do not.
>
> Q. Do you know who caused the water to be on the floor?

---

[1] Hurricane Gustav was making landfall on the Louisiana coast at the time of the subject incident.

-4-

> A. No, I do not.
>
> Q. Do you know how long the water was on the floor?
>
> A. No, I do not.
>
> Q. Did you know the water was on the floor before Mrs. Gray fell?
>
> A. No, I did not.
>
> Q. Do you know if any Wal-Mart employee caused the water to be on the floor?
>
> A. No, I do not.
>
> Q. Do you know if any Wal-Mart employee knew the water was on the floor?
>
> A. No, I do not.
>
> Q. And do you know if any employee knew how long the water was on the floor?
>
> A. No.
>
> Q. And since this accident, has anyone told you how the water came to be on the floor?
>
> A. No."

(Exhibit B, pp. 53-54).

## II. Law and Argument

### A. Summary Judgment Standard

Summary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law (F.R.C.P. Rule 56(c)). Summary judgment is considered viewing all evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. *Kane v. National Union Fire Insurance Co.*, 535 F.3d 380 (5th Cir. 2008). In

order to survive a motion for summary judgment, the non-movant must come forward with specific facts showing that there is a genuine issue of material fact. *Indian Harbor Insurance Co. v. Valley Forge Insurance Group*, 535 F.3d 359 (5th Cir. 2008).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. *Burge v. Parish of St. Tammany*, 187 F.3d 452 (5th Cir. 1999). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the non-movant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). If, however, the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Burge, supra,* at p. 465.

### B.  LSA-R.S. 9:2800.6

Louisiana Revised Statute 9:2800.6 requires a merchant, such as Wal-Mart, to exercise reasonable care to keep its aisles, passageways and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damages. Additionally, Louisiana Revised Statute 9:2800.6 provides in part:

> "In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, that:
>
> 1. The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable;
>
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3. The merchant failed to exercise reasonable care."

Under Louisiana Revised Statute 9:2800.6 (C)(1), "constructive notice" is defined as the existence of the condition "for such a period of time that it would have been discovered if the merchant had exercised reasonable care."

In *White v. Wal-Mart Stores, Inc.*, No. 97-0393 (La. 9/9/97), 699 So.2d 1081, the Louisiana Supreme Court interpreted Louisiana Revised Statute 9:2800.6, holding that the constructive notice provision is clear and unambiguous, and has a temporal element which requires the plaintiff to prove that the condition existed for some period of time prior to the occurrence. "The claimant must make a positive showing of the existence of the condition prior to the fall." Id. at p. 1084.

> "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time prior to the fall."

Id. at pp. 1084-1085.

### C. There Is No Genuine Issue of Material Fact That No Element of R.S. 9:2800.6 Can Be Shown

Under the holding in *White* and considering the summary judgment standard, Gray's claim must fail. As stated above, under F.R.C.P. Rule 56, Wal-Mart has the initial burden of informing the court of its basis for the motion for summary judgment and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. Once Wal-Mart carries its initial burden, the burden then falls on the plaintiff, Jean Gray, to demonstrate the existence of a genuine issue of material fact. Wal-Mart has clearly demonstrated the absence of a genuine issue. Because

Gray is unable to establish any element of R.S. 9:2800.6, Wal-Mart is entitled to summary judgment.

As indicated above, Gray cannot establish that Wal-Mart employees either created the spill or had actual or constructive notice thereof prior to her incident. Although Gray believes that the spill originated from a roof leak, she was not sure and acknowledged that the water could have come from a spill.[2] Even if the court concludes that there is a genuine issue that the water came from a roof leak, Gray does not know how long it was on the floor prior to the incident and she cannot state whether any Wal-Mart employee knew about the existence of the liquid prior to the incident.

Gray noticed the liquid on the floor after the incident and the condition of the floor reflected that the water was undisturbed; there were no footprints or buggy tracks through the spill despite the fact that the spill was located on the main action alley and the store was busy at the time of the incident with customers preparing for Hurricane Gustav (Exhibit A, pp. 30-31). Although prior roof leaks had occurred at the Pineville store, nothing in the evidence indicates that a leak had occurred at the location of the plaintiff's fall, as there were no wet floor warning cones, buckets or tape on the floor indicating knowledge of the spill by Wal-Mart employees. Consequently, there is an absence of evidence to indicate actual or constructive notice prior to the incident.

In *White*, the Louisiana Supreme Court reversed the decision of the trial and appellate courts, finding that the lower courts improperly shifted the burden of proof to the defendant to disprove culpability. The Supreme Court found that under Louisiana Revised Statute 9:2800.6, the defendant need not come forward with positive evidence

---

[2] Given that the sale of water is very high prior to a hurricane, the occurrence of a spill is likely.

of the absence of the hazard. The existence of the hazard is the claimant's burden of proof. The absence of evidence is fatal to the cause of action. Id. at p. 1086. In *Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F.Supp. 996 (E.D. La. 1997) affirmed, 146 F.3d 868, the United States District Court for the Eastern District of Louisiana granted summary judgment finding that the plaintiff presented no evidence that the hazardous condition was on the floor for any length of time prior to her fall. This complete lack of evidence was fatal to the plaintiff's burden of proving that the condition was on the floor for a period of time that the defendant should have discovered its existence. Id. at p. 1000.

In *Kennedy v. Wal-Mart Stores, Inc.*, No. 98-1939 (La. 4/13/99), 733 So. 2d 1188, the Louisiana Supreme Court reversed the Judgments of the District Court and Court of Appeal, holding that the plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the hazardous condition.

> "Because plaintiff failed to prove an essential element of his cause of action under La. R.S. 9:2800.6, the trial court committed legal error in allowing plaintiff to recover, and the Court of Appeal erred in affirming this judgment. Accordingly, we must reverse."

Id. at p. 1191.

In *Kennedy*, the District Court found that, because it was a rainy day, and the customer service manager and cashier were within a few feet of the location of plaintiff's accident, defendants knew or should have known that "wet footed customers" were likely to cause a hazard. In reversing the lower courts, the Louisiana Supreme Court, following *White v. Wal-Mart*, required the plaintiff to prove the length of time that the puddle was on the floor before his accident. Failing such evidence, Plaintiff was not entitled to recover.

In *Alexander v. Wal-Mart Stores, Inc.*, No. 96-1598 (La. App. 3d Cir. 2/4/98), 707 So. 2d 1292, on remand from the Louisiana Supreme Court with instruction to decide the case in light of *White v. Wal-Mart*, the Third Circuit Court of Appeal held:

> "As in *White*, the plaintiff presented no evidence that the defendant created or had actual notice of the water on the floor. Nor did the plaintiff present any positive evidence about how long the spill had been on the floor. Only indirect evidence shows the possible length of time that the condition existed; the area was last mopped at least one hour before the fall. However, under the provisions of La. R.S. 9:2800.6 as applied by the Supreme Court in *White*, this is not sufficient to carry the burden of showing that the wet condition had existed for a sufficient period to allow the merchant to discover its existence with the exercise of reasonable care."

Id. at p. 1295.

In *Oster v. Winn-Dixie Louisiana, Inc.*, 04-0117 (La. App. 5th Cir. 8/31/04), 881 So. 2d 1257, the plaintiff brought suit after he slipped and fell on a piece of plastic, striking his head on a steel display. The Fifth Circuit Court of Appeal held that a plaintiff must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. The court further noted that a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. In *Oster*, the plaintiff testified that he did not have any personal knowledge as to how the plastic got on the floor or how long it was on the floor before his fall. The court upheld the trial court's grant of summary judgment, agreeing that the plaintiff failed to prove that the store had actual or constructive knowledge of the dangerous condition prior to the plaintiff's fall.

In *Leger v. Wal-Mart*, 343 Fed. Appx. 953, 2009 WL 2900250 (C.A. 5 (La.)), the plaintiff brought suit after she slipped and fell in the handicapped stall of a Wal-Mart

store. Wal-Mart moved for summary judgment on the basis that plaintiff failed to prove that it had actual or constructive notice and the district court granted the summary judgment. In affirming the district court's ruling, the United States Fifth Circuit Court of Appeal compared the case to *White*, noting that as in *White*, the plaintiff presented evidence that a puddle existed at the time of the fall but presented no evidence as to how long the puddle had been on the floor. The court further noted that Leger's conjecture about past leaks and the source of the water on the floor cannot substitute for the complete lack of evidence concerning how long the water had been on the floor prior to the accident in question. The court concluded that under *White*, Leger's claim must fail.

In *Darbonne v. Hobby Lobby Stores, Inc.*, 2010 WL 2025337 (W.D. La.), the plaintiff brought suit after she sustained injuries following a fall on a blot of fabric that was lying on the floor. Defendant filed for summary judgment, claiming that the plaintiff could not prove the constructive notice element of her claim. Defendant attached the deposition of Plaintiff to its Motion for Summary Judgment wherein she stated that she did not know how long the fabric had been on the floor when she fell. Plaintiff testified that there was an employee working in the fabric department but she did not say whether the employee had a clear view of the aisle where she fell. Defendants also attached the deposition testimony of two individuals who were shopping with plaintiff, wherein one stated that she did not know how long the fabric had been on the floor prior to the plaintiff's fall and the other stated that she went to the store almost every week, found it well organized and she did not see anything out of place before the accident. The court granted defendant's summary judgment, noting that plaintiff did

not present sufficient evidence to satisfy the constructive notice portion of her claim, holding:

> "In *White*, the Louisiana Supreme Court held that in addition to proving each element of the cause of action, a plaintiff seeking recovery under La. Rev. Stat. Ann. § 9:2800.6 must make an additional showing 'of the existence of the condition prior to the fall.'"

Id. p. 2.

The absence of footprints or buggy tracks and the fact that plaintiff described the spill as clear is fatal to the plaintiffs' constructive notice claim. In *Roberts v. Hartford Fire Insurance Co.*, No. 2005-1178 (La. App. 3rd Cir. 4/5/06); 926 So.2d 121, an undisturbed puddle supported the conclusion that the puddle had not been on the floor very long, and certainly not for such a period of time that the defendant should have discovered it in the exercise of reasonable care. The same result occurred in *Allen v. Wal-Mart Stores, Inc.*, No. 37,352 (La. App. 2nd Cir. 6/25/03); 850 So.2d 895 wherein the court concluded that the condition of the liquid would suggest its presence for some period of time, but plaintiff failed to present any evidence that shopping cart tracks or footprints were in the liquid, or that the liquid was dirty. Neither is the fact that a possible roof leak was a recurring problem at the Pineville Wal-Mart store significant to this motion. In *Colgin v. Wal-Mart Stores, Inc.*, No. 98-835 (La. App. 5th Cir. 1/13/99); 726 So.2d 454, although plaintiff may have established a recurring problem on the dog food aisle, she did not meet her burden of proving by a preponderance of the evidence that the condition existed prior to her fall or that it existed for some period of time that would establish constructive notice under the slip and fall statute. Therefore, the condition of the spill defeats plaintiffs' constructive notice claim.

Gray has submitted no evidence to show that the liquid was present on the floor for any period of time prior to her accident. Thus, Gray cannot meet the temporal component of Louisiana Revised Statute 9:2800.6, much less show that the liquid should have been discovered by Wal-Mart in the exercise of reasonable care. Gray did not notice the liquid prior to the accident and she has produced no witnesses to establish the presence of the liquid for any period of time prior to the alleged accident. Furthermore, Gray's conjecture about the source of the water on the floor cannot substitute for the complete lack of evidence concerning how long the water had been on the floor prior to the accident in question. In addition, Gray does not suggest that Wal-Mart either created the alleged hazard or had actual notice of the alleged hazard prior to the occurrence.

### III. Conclusion

The Plaintiff is unable to prove the elements necessary to establish the liability of Wal-Mart Louisiana, L.L.C. Plaintiff cannot show that Wal-Mart Louisiana, L.L.C. had actual or constructive notice of the alleged hazard. Further, Plaintiff cannot show that Wal-Mart Louisiana, L.L.C. created the alleged hazard.

Louisiana Revised Statute 9:2800.6 is clear and unambiguous and requires the Plaintiff to come forward with positive evidence concerning each element of her burden of proof. Since the Louisiana Supreme Court decision in *White v. Wal-Mart*, the decisions of the Courts of Appeal are uniform in their recognition of the Plaintiff's burden of proving a temporal component under the statutory definition of constructive notice. Gray cannot put forth any such evidence. Therefore, defendant, Wal-Mart Louisiana,

L.L.C., is entitled to judgment as a matter of law, completely dismissing the claims of the plaintiffs with prejudice and at plaintiffs' costs.

Respectfully submitted,

**Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards**

_____
DAVID J. CALOGERO, #1748
PHILIP A. FONTENOT, #16918
Post Office Box 2908
Lafayette, Louisiana 70502-2908
Ph: (337) 237-1660; Fax: (337) 237-3676
**Attorneys for Wal-Mart Louisiana, LLC**

## CERTIFICATE

I HEREBY CERTIFY that on February 10, 2011 a copy of the foregoing Motion for Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Chris J. Roy, Sr. by operation of the Court's electronic filing system.

Lafayette, Louisiana, this 10th day of February, 2011.

_____
DAVID J. CALOGERO (#1748)