UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEAN GRAY, et ux. | CIVIL ACTION NO. 1:09-cv-1523 |
| -vs- | JUDGE DRELL |
| WAL-MART LOUISIANA, LLC | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a "Motion for Summary Judgment" filed by Wal-Mart Louisiana, LLC in the above captioned matter. (Doc. 35). For the following reasons, the motion is **GRANTED**.

### I.  Procedural Background

Plaintiffs Jean and Robert Gray filed a "Petition for Damages" (Doc. 1-2) in the 9th Judicial District Court against Defendant[1] on July 21, 2009. In the petition, Mrs. Jean Gray alleges that on September 1, 2008, she slipped and fell on some water in the Pineville, LA Wal-Mart store and thereby incurred serious injuries. Mr. Robert Gray seeks recovery for his loss of consortium as a result of his wife's injuries. The case was removed to this Court on September 1, 2009. (Doc. 1). Defendant filed the present motion on February 10, 2010. (Doc. 35). Plaintiffs subsequently filed an

---

[1] The original petition was filed against "Wal-Mart Stores, Inc.," but this designation was later changed to the proper defendant as named above. (Doc. 1-2).

opposition. (Doc. 43). We have considered the pleadings and documents in this matter, and the disposition of the motion is now ripe.

II. **Law and Analysis**

   A. **Legal Standards**

   1. *Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

   2. *La. R.S. 9:2800.6*

The merchant liability "slip and fall" statute governs Plaintiffs' claims. Wal-Mart meets the definition of a "merchant" under the statute,[2] therefore Wal-Mart

---

[2] La. R.S. 9:2800.6(C)(2) reads: "'Merchant' means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." There is no dispute that Wal-Mart satisfies this requirement.

2

"owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In their negligence action against Wal-Mart, Plaintiffs have the burden of proving:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) [Wal-Mart] either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) [Wal-Mart] failed to exercise reasonable care.

Id. at (B). To combine La. R.S. 9:2800.6 with the summary judgment standard, if Defendant can show it is undisputed that Plaintiffs cannot prove their case, then the burden shifts to Plaintiffs to show such a dispute exists. For the following reasons, we find Defendant has met its burden and Plaintiffs have fallen short of theirs, therefore the motion is granted.

**B.    Plaintiffs' Claims**

> 1. *There is no genuine dispute as to any material fact that Wal-Mart neither created nor had actual nor constructive notice of the condition which caused the damage, prior to the occurrence.*

This second element entitles Defendant-movant to judgment as a matter of law.[3] There is no genuine dispute as to any material fact that Plaintiffs are unable to prove this element of La. R.S. 9:2800.6. Contrary to Plaintiffs' assertions, the record is void of evidence that Wal-Mart in fact "created" the puddle in which Mrs. Gray

---

[3] Because we find summary judgment would be proper based on Plaintiffs' inability to prove the second element of La. R.S. 9:2800.6, we need not address the first and third elements of Plaintiffs' slip and fall claim. In addition, since the consortium claim depends on Wal-Mart's liability, we need not address it.

3

slipped and fell. In their opposition (Doc. 43), Plaintiffs cite La. Civ. Code art. 2317.1 which provides: "the owner or custodian of a thing is answerable for damage occasioned by its ruin." Plaintiffs improperly rely on Article 2317.1 as the standard against which Defendant's actions should be measured. Louisiana courts have consistently held: "when two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general." Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 (La. 1980). La. R.S. 9:2800.6 is clearly "more specifically directed to the matter at issue," therefore there must be affirmative evidence that Defendant created the hazardous condition or otherwise meet the test under the statute. Id.

By her own admission, Mrs. Gray does not know what caused the puddle to be on the floor. In their depositions, both Mrs. Gray and the co-manager on duty of Wal-Mart, Mr. Aguillard, stated they knew there were leaks in the store's roof. However, neither of them knew if a roof leak actually created the puddle which caused Mrs. Gray's injuries. Other than a leak in the roof, no alternate theory is presented for how Wal-Mart "created" the condition. Defendant has sustained its burden of showing that Plaintiffs are unable to present evidence that Defendant in fact created the hazardous condition.

As clearly stated in La. R.S. 9:2800.6, the merchant does not necessarily have to create the hazardous condition in order for the plaintiff to satisfy the second element. In the alternative, the merchant must have had actual or constructive knowledge of the condition which caused the damage, prior to its occurrence. Mrs.

4

Gray stated she did not know if Wal-Mart employees knew the puddle of water was on the floor prior to her injury. Mr. Aguillard also did not know if any Wal-Mart employee knew the water was on the floor prior to Mrs. Gray's injury. No other evidence has been presented that Defendant had actual knowledge of the condition.

Finally, La. R.S. 9:2800.6(C)(1) defines "constructive notice" as the existence of the condition "for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Mrs. Gray herself did not know the length of time the puddle which caused her injuries had been on the floor. Mr. Aguillard did not know nor had he learned if any Wal-Mart employee knew how long the water had been on the floor. In addition, Mrs. Gray stated that the only mark she saw in the puddle was her skid mark. She saw no footprints or cart marks–nothing to suggest the puddle was disturbed prior to her fall. Louisiana jurisprudence has held that the absence of other marks in a puddle serves as circumstantial evidence that the water had not existed for a long enough time sufficient to give the defendant constructive notice. Roberts v. Hartford Fire Ins. Co., 926 So.2d 121, 127 (La. App. 3rd Cir. 4/5/06) ("Nor did plaintiff present any evidence as to the condition of the liquid after the fact that would suggest that it had been there for some period of time, such as that some areas of the spill had dried, that shopping cart tracks or footprints were in the liquid, or that the liquid was dirty.").[4] There is no evidence to suggest Plaintiffs would be

---

[4] In Priddy v. Wal-Mart Stores, Inc., 2011 WL 722762, *4 (E.D. La. 2011), Judge Vance distinguished Roberts and did not find the absence of footprints and cart marks to be circumstantial evidence in support of constructive notice. However, the plaintiff in Priddy testified that the "puddle appeared to be caused by the slow drip of water from Wal-Mart's ceiling," and a slow leak could result in the factfinder's conclusion "that the puddle existed for such a period of time that Wal-Mart would have discovered it by the exercise of ordinary care." Id. In comparison, Mrs. Gray did not know the source of the water that caused her

5

able to prove Defendant either created or had actual or constructive notice of the condition prior to Mrs. Gray's fall.

## C. Conclusion

For the foregoing reasons, we find there is no genuine dispute as to any material fact based on the evidence presented by the parties. As a matter of law, Defendant is not liable to Plaintiffs. Accordingly, Defendant's motion for summary judgment is GRANTED.

SIGNED on this 29th day of September, 2011 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

---

injury, nor did she know the rate at which the water accumulated on the floor.